MARY F. MATHEWS, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 18, 1895.

1. **Negligence**: TRESPASSER ON RAILROAD TRACK: DUTY OF ENGINEER. Except in populous districts, the servants of railway companies are not bound to be on the lookout for trespassers on the track, yet, when discovered there, it is their duty to use all reasonable means to avoid injuring them, and not to do so is negligence.

2. ————: PERSON ON RAILROAD TRACK: WARNING. Where the servants of a railroad in charge of its train see a person on its track and negligently fail to give warning of the approach of the train, and in consequence the deceased is struck, the railroad is liable for the damage.

3. **Trial Practice**: INSTRUCTIONS: CONTROVERTED POINTS. Instructions withdrawing from the jury questions about which the evidence and reasonable inferences therefrom were in conflict, and so questions for a jury, are properly refused.

4. **Appellate Practice**: EVIDENCE: OBJECTION. A simple objection to evidence without giving a reason therefor, can not, in the appellate court, be complained of.

*Appeal from the Buchanan Circuit Court.*—HON. A. M WOODSON, Judge.

AFFIRMED.

*Brown & Pratt* for appellant.

(1) The demurrer to the evidence should have been sustained. The plaintiff's testimony shows conclusively that the signal whistle was sounded. The engineer had the right to presume up to the last moment that the deceased Jenner would get off the track. *Malony v. Railroad*, 84 Mo. 274; *Reardon v. Railroad*, 114 Mo. 384; *Railroad v. Judd*, 26 N. E. Rep. (Ind.) 775; *Railroad v. Herrin*, 26 S. W. Rep. (Tex.) 425; *Railroad v. Meyers*, 36 N. E. Rep. (Ind.), 32; *Syne*

*v. Railroad,* 113 N. C. 558, 18 S. E. Rep. 114; *McAdoo v. Railroad,* 105 N. C. 140, 11 S. E. Rep. 316; *Dean v. Railroad,* 107 N. C. 686, 12 S. E. Rep. 77; *Daily v. Railroad,* 11 S. E. Rep. 320, 106 N. C. 301; *Norwood v. Railroad,* 11 S. E. Rep. 4, 111 N. C. 236; *Holmes v. Railroad,* 31 Pac. Rep. (Cal.) 834; *France v. Railroad,* 22 S. W. Rep. (Ky.) 851; *Railroad v. Nicholson,* 22 S. W. Rep. (Tex.) 770; *Fox v. Railroad,* 85 Mo. 680; *Raines v. Railroad,* 19 S. E. Rep. (W. Va.) 565. (2) Plaintiff's first and second instructions seem to be founded upon the theory that a railway company must stop its trains whenever it sees a trespasser upon its tracks. The law is that a railway company has the right to presume that the trespasser will get off the track before the train reaches him, and also that railway company has the right to presume that the trespasser will heed the signals given, and get off the track in time. Same authorities as point 1. (3) Defendant's second instruction should have been given. There was no evidence that defendant could have stopped its train before having ascertained that said Jenner did not apparently heed the signals. On the contrary, the evidence of the plaintiff, giving it its strongest effect, shows conclusively that the train could not have been stopped even had it been attempted at the time the defendant's engineer first saw Jenner. (4) Defendant's fourth instruction should have been given. See authorities, point 1. (5) Defendant's fifth instruction puts the case in the strongest possible light in favor of plaintiff. It was manifest error to refuse it. See authorities, point 1. (6) It was erroneous to permit witness Triggs to answer the question: *Q.* "If they had whistled the danger signal—if there had been a danger signal sounded that evening when you were at the depot, would you have heard it and noticed it?" *Hardenburgh v. Cockraft,* 5 Daly, 79; *Winters v. Railroad,* 39

Mo. 468; *Gavisk v. Railroad*, 49 Mo. 274; *Eubank v. Edina*, 88 Mo. 650; *Gutridge v. Railroad*, 94 Mo. 468; *Walton v. Railroad*, 40 Mo. App. 544; *Nanton v. Stagg*, 4 Mo. App. 271; Lawson on Opinion Evidence, 564 *et seq.*; *Marcott v. Railroad*, 49 Mich. 101; *Eskridge v. Railroad*, 12 S. W. Rep. (Ky.) 580.

*Samuel S. Shull* and *James W. Boyd* for respondent.

(1) There is nothing in appellant's first, second and third points. The evidence did not show the danger signal or danger whistle was sounded at all before the killing. Plaintiff's evidence shows it was not so sounded. It was proper for the trial court to give plaintiff's instructions 1 and 2 submitting to the jury whether the defendant's servants and agents, after they discovered Jenner on the track and after they knew he was in danger, carelessly and negligently omitted to stop the train or check its speed in time to avert the injury. *Reardon v. Railroad*, 114 Mo. 403; *Rine v. Railroad*, 100 Mo. 228; *Adams v. Railroad*, 74 Mo. 554; *Fielder v. Railroad*, 107 Mo. 645; *Schlereth v. Railroad*, 115 Mo. 87. (2) Defendant's fourth instruction asks that it be declared as matter of law that Jenner was not in such position of peril as to call for immediate stopping of the train. We think that was for the jury to pass upon under instructions. See *Reardon case, supra*. (3) Defendant's fifth instruction is obnoxious for several reasons. *Scoville v. Railroad*, 81 Mo. 434, and cases cited in that opinion, pp. 441 and 442; and cases cited, *supra*. (4) Appellant's sixth point is not well taken. *Eyerman v. Sheehan*, 52 Mo. 221; *Greenwell v. Crow*, 73 Mo. 638; *Fitzgerald v. Haward*, 50 Mo. 520; *Straus v. Railroad*, 86 Mo. 421; *State v. Parker*, 96 Mo. 393; *Spencer v. Railroad*, 120

Mo. 159; *Railroad v. De Lissa*, 103 Mo. 130; *Monahan v. Clay & Coal Co.*, 58 Mo. App. 58. Besides, defendant's objection to the question was only general, and did not point out the ground of objection. Objections to evidence must be specific and state the ground of objection. *State v. Hope*, 100 Mo. 347; *Keim v. Railway & Transit Co.*, 90 Mo. 314; *State v. Walker*, 98 Mo. 95; *State v. Brannum*, 95 Mo. 19; *Bogie v. Noland*, 96 Mo. 93; *Korte v. Hoffman*, 97 Mo. 284; *Thornton v. Railroad*, 40 Mo. App. 265; *Springfield v. Ford*, 40 Mo. App. 586; *McFarland v. Accident Ass'n*, 124 Mo. 221.

ELLISON, J.—Plaintiff is a widow and sued defendant for pecuniary loss, consequent upon the death of her minor son, who was killed by being run over by one of defendant's engines in charge of its servants. She recovered below.

An examination of the record has satisfied us that no sufficient cause exists to interfere with the judgment rendered. The deceased was walking along defendant's railroad track, at a time when a train was approaching him from behind, and we may concede was negligent, as well as a trespasser, in so doing. Yet there was evidence tending to show that defendant's servants in charge of the engine saw him and realized his dangerous situation in time to have either stopped the train, or to have checked its speed sufficiently to have avoided killing deceased. It seems to us that, conceding to the fullest extent the rule that outside of crowded or populous districts the servants of railway companies are not bound to be on the lookout for trespassers on the tracks, yet the judgment here must stand, since, as before stated, there was evidence tending to support plaintiff's theory that after the defendant's servants did observe him on the track and in danger, they negligently failed and neglected to use

means at their command which would have averted the death. If such was the fact, then the law fully sustains the plaintiff's action. Notwithstanding deceased was a trespasser and was negligent and careless in walking along defendant's track in the manner detailed in evidence, yet defendant's servants were in duty bound to use all reasonable means at their command, after discovering his dangerous position, to avoid killing him.

The instructions for plaintiff, excepting number 3, were based on the foregoing propositions. Number 3 was to the effect that if after defendant's servants saw deceased on the track and knew him to be in danger and yet they carelessly and negligently failed to sound the whistle or ring the bell, or do any other thing to warn deceased of the approach of the train, and in consequence of such omission and negligence deceased was run over and killed, the defendant was liable. That was a correct statement of the law as applicable to matters in evidence relating thereto.

The instructions which were refused for defendant were, practically, directions to the jury that there was no evidence that defendant's servants could have stopped the train after discovering deceased's dangerous position; and that there was no evidence to show that deceased was in such a position of peril as to call for the immediate stopping of the train; that the engineer had a right to presume that deceased would leave the track on a signal of danger from the engine, and if such signals were given, there could be no recovery. In our opinion, these instructions were properly refused. They withdrew from the jury questions about which the evidence, and reasonable inferences therefrom, were in conflict and which were therefore proper for the jury to consider. The instructions

given for defendant were, in effect, the opposite hypothesis to those given for plaintiff.

There was an objection to a witness for plaintiff stating whether, if a whistle was sounded, he would have heard it. The objection consisted simply of an objection without giving a reason therefor, and, as has been frequently ruled, it can not now be complained that it was overruled.

We have not gone into a detailed statement of the evidence in the cause, for the reason that it could serve no useful purpose, since, in our opinion, there was enough to support the theory of plaintiff's case, as made by the petition and instructions. The judgment will be affirmed. All concur.